UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA KOUSSA,<br><br>    Plaintiff,<br><br>v.<br><br>MING YEUNG, et al.,<br><br>    Defendants. | Case No. 16-cv-05137-JSC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 61 |

Plaintiff Pamela Koussa brings this action against Defendants Ming Yeung, Jia Yeung, and Leonicio Perez Santiago for disability discrimination in connection with access barriers she encountered at Pup Hut, a restaurant in Richmond, California. (Dkt. No. 1.[1]) Now before the court is Defendants' 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. After reviewing the parties' briefs, and having had the benefit of oral argument on July 13, 2017, the Court DENIES Defendants' motion to dismiss.

**BACKGROUND**

Plaintiff, who is physically disabled from the waist down and uses a wheelchair for mobility, attempted to dine at Pup Hut restaurant, a facility open to the public. (Dkt. No. 1 at 2:2-3, 3:12-14.) Although there were parking spaces reserved for patrons of the restaurant, there were no accessible handicap parking spaces for persons with disabilities. (*Id*. at 3:17-20.) Plaintiff alleges that compliant parking spaces were previously available, but there are no compliant spaces currently available. (*Id*. at 3:24-26, 4:1-3.) Plaintiff brings two civil rights claims: violation of the American with Disabilities Act ("ADA") and violation of the Unruh Civil Rights Act. (*Id*. at 5-6.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Plaintiff's counsel, Mark Potter, informed Defendants' counsel, Andrew Shalaby, that Plaintiff would be willing to settle the case if Defendants brought the restaurant into compliance and paid $14,000, or alternatively $4,000 plus a promise to pay reasonable attorney's fees in an amount determined by this Court. (Dkt. No. 62-2 at 7.) Mr. Shalaby responded by sending Mr. Potter an order regarding attorney's fees for another ADA case brought by Mr. Potter's firm, stated Defendants will pay $8,000, requested instructions on whom to make the check out to, and informed Mr. Potter that if he failed to respond that same day Mr. Shalaby would issue the check to both Mr. Potter's law firm and Plaintiff. (*Id*. at 5-6.)

Mr. Potter responded that Mr. Shalaby cannot unilaterally determine the fair amount of attorney's fees, requested that Mr. Shalaby not unilaterally send a check, and informed Mr. Shalaby that the check would have no legal consequence. (*Id*. at 5.) Mr. Potter further offered to settle the case if Defendants took remedial measures to bring the parking lot into compliance, and pay $4000 in damages plus reasonable attorney's fees decided by this Court. (*Id*. at 4.)

Mr. Shalaby stated that "I wish I could discuss this case with you, but my client will be billed for it." (*Id*.) He informed Mr. Potter that Defendants would pay the $8,000 and then move for summary judgment and sanctions. (*Id*.) The parties had a phone call on May 31, 2017, and Mr. Potter sent an email the next day, June 1, 2017, confirming that Plaintiff would not accept a check from Defendants without a settlement. (*Id*. at 2.) Mr. Potter also wrote to confirm what Mr. Shalaby stated on the phone – that the purpose in sending the check was to moot Plaintiff's claims, not to settle the case. (*Id*.)

Mr. Shalaby then made a subsequent offer of $9,070, and stated that he was willing to call it a "settlement." (*Id*.) Plaintiff counter demanded remedial relief by bringing the property into compliance with the ADA, $4000 in damages, and $10,000 in attorney's fees. (*Id*.) On June 2, 2017, Defendants rejected the counter demand and mailed a check in the amount of $8,000. (*Id*.; Dkt. No. 61-2 at 1.) Mr. Potter responded that Plaintiff would not accept the check, and mailed it back to Defendant. (Dkt. No. 61-3 at 1.)

//

//

**DISCUSSION**

**I.      Rule 12(b)(6) Motion to Dismiss For Failure to State a Claim**

Defendants improperly bring their motion pursuant to Rule 12(b)(6). A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). For the purposes of ruling on a Rule 12(b)(6) motion, the court "accept [s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams,* 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Further, a court may not consider matters outside of the complaint in ruling on a 12(b)(6) motion. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

Defendants have not identified any deficiencies in the complaint allegations. Instead, their entire motion depends on documents and communications that are not pled or even referenced in the complaint and therefore cannot be considered. For this reason alone the Court denies Defendants' motion.

**II.     Standing**

Defendants argue that because they tendered $4000 in statutory damages under the Unruh Act and that tender was rejected, Plaintiff's claims are now moot and Plaintiff has waived her right to recover fees and expenses. Defendants' motion challenges Plaintiff's standing – it is essentially a 12(b)(1) motion disguised as a 12(b)(6) motion, and, for the sake of completeness, the Court will treat it as such.

　　　　A.      *Mootness*

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000).

"Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (internal quotation marks and citations omitted). Thus, the central inquiry to any mootness challenge is "whether changes in the circumstances existing when the action was filed have forestalled any meaningful relief." *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 860 (2011). An action "becomes moot only when it is impossible for a court to grant any effectual relief [whatsoever] to the prevailing party." *Knox v. Service Employees Inter. Union, Local 100*, 567 U.S. 298, 307 (2012). "The party asserting mootness" bears the heavy burden of "establishing that there remains no effective relief a court can provide." *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006).

An unaccepted Rule 68 offer, or an offer of judgment, that would fully satisfy a plaintiff's individual claim is insufficient to render the claim moot. *Diaz v. First American Home Buyers Protection Corp.*, 732 F.3d 948, 950 (9th Cir. 2013). In regards to settlement, a case will "become moot" when "an opposing party has agreed to everything the other party has demanded." *GCB Communications v. U.S. South Communications, Inc.*, 650 F.3d 1257, 1267 (9th Cir. 2001) (citing cases). An unaccepted settlement offer or offer of judgment of complete relief, however, does not moot a plaintiff's case. *Campbell-Ewald Company v. Gomez*, 136 S.Ct. 663, 665 (2016).

Defendants' $8,000 offer to cover the Unruh Act statutory damages was not accepted by Plaintiff. Plaintiff promptly informed Defendants that $8,000 would not settle the case and returned the check. Because Plaintiff did not accept the offer, it did not moot Plaintiff's claim. *See Diaz*, 732 F.3d 948 at 950; *Campbell-Ewald Company*, 136 S.Ct. at 665. This is a second reason Defendants' motion must be denied.

B. *California Code of Civil Procedure Section 2076*

Defendants also cite California Code of Civil Procedure Section 2076 to support their mootness argument. That statute states in relevant part that the person to whom a tender is made must specify any objection she has at the time the tender is made or she is deemed to have waived it. If a person objects to the *amount* of money she must specify what she requires or else be

4

precluded from objecting afterwards. *Id*. The public policy behind Code of Civil Procedure Section 2076 is to protect debtors who tender performance in good faith from harm by creditors who refuse to accept tender. See *Gaffney v. Downey Savings and Loan Association*, 200 Cal.App.3d 1154, 1166 (1988).

Plaintiff is not a creditor. Defendant is not a debtor. The parties do not have a contractual relationship. Defendants fail to identify a single case where Section 2076 applied to a civil rights lawsuit concerning disability discrimination and this Court can find none. Thus, Section 2076 does not apply. Even if it were to apply, Plaintiff immediately rejected the tender and Defendants were aware of the reason for the rejection; therefore Plaintiff could not have waived any objections to the amount.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendants' motion to dismiss. This Order disposes of Docket No. 61.

**IT IS SO ORDERED.**

Dated: July 13, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge